## UNITED STATES *v.* MILLS.

*(Circuit Court, W. D. Wisconsin.  1881.)*

1. GOVERNMENT LANDS—INNOCENT TRESPASSER.

    It is a good defence to an action of trover against an innocent trespasser upon government lands, for the value of timber cut by him therefrom, that he afterwards entered the land, from the government, paid the price therefor and the costs up to the time of entry.

2. MEASURE OF DAMAGES.

    When a wilful trespasser cuts and removes timber and converts it into logs ties, or piles, the measure of damages is the market value of the latter, in cash, at the time and place of their sale and delivery, and not the value of the stumpage merely.

This was an action of trover brought in the above court by the United States against the defendant to recover the value of a quantity of pine timber alleged to have been cut and removed from lands of the United States by the defendant. The case was tried at the special December term, 1881, of said court, at Madison, before *Bunn,* D. J., and a jury,

*H. M. Lewis,* U. S. Atty., and *J. M. Bingham,* for the United States.

*E. E. Bryant* and *J. M. Morrow,* for defendant.

BUNN, D. J., (charging jury.) The questions of law in this case are quite simple, and, for the most part, have already been decided by the court. All the questions of difficulty are questions of fact, which are for the jury. So that the burden and responsibility of a proper and judicious determination of the case rests with you. The first question to which your attention will be called is, has the defendant, Mills, cut and carried away, and converted to his own use, timber from government lands in the manner charged? If he has, then your verdict should be against him, unless such cutting was wholly done, without knowledge or fault of defendant, upon lands which he afterwards entered and paid for.

There are two pieces of government land upon which the defendant acknowledges he cut timber. But he alleges and swears that he did it under the belief that he had a right to cut, because he owned the land. The N. ½ of the S. E. ¼ of section 4, township 20, range 2 W., he admits cutting the timber from. It is in evidence that he afterwards entered this land from the government and paid the price, and, so far as this 80 acres is concerned, you will determine from the evidence whether, at the time he cut the timber, he supposed he had entered the land as he testifies, and that he took away the timber under that belief, and without fault or knowledge on his part that the land belonged to the United States. If you find in his favor on this question, then, under the law of congress,—act of June 15, 1880, (21 St. at Large, 237,)—having entered the land and paid the costs up to the time of the entry, he is excused from any liability for the trespass, and no verdict should be found against him therefor. The same principle and same instruction are applicable to the tie-cutting on the N. W. N. W. section 22, where defendant admits the cutting, but swears that he supposed he had the right to cut it under a purchase from Van Tassel, and when he found it belonged to the government he entered it and paid for the land. On these two descriptions you will find specially, as to each piece, whether the cutting was done innocently under the belief that defendant had the right to cut.

If you find against the defendant on these questions, then, however your finding may be upon the rest of the case where the cutting is controverted, your verdict will be against the defendant for the value of the logs and ties cut and converted from these descriptions.

As regards the other lands in controversy, the cutting and conversion of the timber is disputed by the defendant, and it will become

your serious duty to determine, from the mass of evidence in the case, whether the defendant is guilty of such cutting and conversion or not. The court cannot aid you in your finding upon this question. It is one wholly of fact, to be found from the weight of evidence. The question will be, what do you believe from the evidence taken as a whole? How are you fairly convinced from the testimony? The evidence is apparently conflicting. Whether it be so or not is for you to determine. If you find it conflicting it will be your duty to reconcile it if you can. If not, then it will be your duty to determine as to what part of it you will give most credit. And this question is not an arbitrary one, or to be solved by any technical rules, but is one resting in the sound discretion of the jury. You are to judge from all the circumstances in evidence, and developed on the trial, the weight to be given to the testimony of each witness. You have heard the witnesses testify, have observed their manner on the stand, have noticed their bearing and disposition or inclination to state the truth or color it. You have observed their bias, if any, their interest, their means of knowledge in reference to the things of which they are called to speak, their power of recollection, the consistency or inconsistency of their statements, and how they are corroborated and sustained or contradicted by other testimony, or by the conceded facts in the case. It is from these circumstances, and all others bearing on the question, that you are to determine what witnesses are entitled to most credit, and the weight to be given to the statements of each and all.

Evidence is that which satisfies and convinces the mind in regard to the real truth of the matters in issue; and if the statements of a witness have not this convincing quality the jury is entitled to withhold from them credit. In fact, they cannot help doing so, because the giving or withholding credence to the statements of another, whether under oath or not, is not a matter of will or choice. The jury are convinced by what is fitted from its nature to convince,—that is, by that which illustrates and elucidates the truth,—and the truth is ever the final object of your investigations; but, of course, you are to determine the truth from the evidence given on the trial, not from that which you may conceive might have been given.

It is claimed, and it may be true, that the government has labored under disadvantage in having to call witnesses that have been more or less identified with the defendant or under his influence, and when they come upon the stand are what are called "slow" witnesses for the party calling them. All I desire to say in regard to this is what

I have already said in general: you are to try the case on the evidence before you, not upon what you might suppose the witnesses could have testified if they would. You cannot presume that the witnesses might have sworn to more than they have sworn to.

It devolves on the prosecution to satisfy you by at least a fair preponderance in the weight of the testimony both as to the *fact of the cutting and the amount*. If you are not satisfied from the testimony as to the fact of cutting, your verdict should be for the defendant. If you are so satisfied, the remaining question will be as the extent of the cutting and value. And this you will determine in the same manner from the weight of evidence on that point.

You will use your best judgment upon the testimony, and say what your conclusion is—how you are convinced. You cannot presume that the defendant has cut and converted more than the evidence shows he has. On the contrary, if the evidence shows to your satisfaction that defendant is guilty, you cannot excuse him from the consequences of his own acts because the evidence also shows that others have trespassed on the same lands who have not been prosecuted or had justice meted out to them. "What's open made to justice that justice seizes." That is to say, when the guilt of the person charged is made apparent, he cannot be excused because others who are not charged have done the like and go unpunished.

It may be quite evident from the testimony that other persons have trespassed in former years upon the lands in question. With that *you* have nothing to do except to determine whether the cutting, or some part of it, charged upon the defendant, was really done by him or was done by these other persons. The defendant's evidence tends to show that it was all cut in former years by other trespassers. You must determine the facts. If you find that the defendant did cut and convert timber, as charged, the amount of damages he will be chargeable with is the value of the logs, ties, piles, or wood which he converted at the time and place of its sale and conversion by him.

The government is not confined in its measure of damages to the value of the stumpage; that is, the value of the timber in the standing tree. On the contrary, as the defendant could get no title to the timber by converting it into these things, but the logs, ties, or piles, after being cut, still belonged to the government, and might be seized and held by the government, the defendant will be chargeable with the market value in cash at the time and place of their sale and delivery.

You are instructed to find a general verdict, and if this is for the plaintiff you will assess and find the damages the plaintiff will in such case be entitled to recover.

You will also, according to a form of verdict which the court will hand you, find specially upon each of the tracts of land where cutting is charged, though you will not be required to find separately the amount cut and converted from each, but simply *whether or not the defendant has cut and converted.*

You will also find specially, as directed, whether the cutting upon N. ½ S. E. ¼ and N. W. N. W. 22 was in good faith, under the belief that defendant had the right from being the owner to so cut.

Gentlemen, the further responsibility of the case lies with you. I am glad to know that you have given the utmost heed to the testimony, and to the discussion of it by counsel. It only remains for you to give the case such further consideration as its nature and importance to the parties demand, and render a verdict which shall do justice according to the law and evidence.

Verdict for the plaintiff, $2,000.

*Bly* v. *U. S.* 4 Dill. 464, *accord.*
See *Single* v. *Schneider*, 30 Wis. 570.